IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRNA TAYAG, | No. C 09-667 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket Nos. 7, 8] |
| NATIONAL CITY BANK, et al., | |
| Defendants. / | |

Before the Court is Defendants National City Bank and National City Mortgage (collectively "National City") Motion to Dismiss [Docket No. 8], Plaintiff's Opposition [Docket No. 12] and Defendants' Reply [Docket No. 12]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. For the reasons given below, the Court GRANTS the motion WITH LEAVE TO AMEND.

**BACKGROUND**

**I.    A.    Factual Background.**

Plaintiff Myrna Tayag lives in and owns 651 Moraga Road #15, Moraga, California 94556 (the "Moraga property"). The home purchase appears to have taken place on June 21, 2007, (execution of the Deed of Trust and a Promissory Note), with a loan for $417,000 from National City Bank and its division, National City Mortgage. Tayag defaulted on the loan on July 31, 2008 and the home was scheduled to be sold in a Trustee's sale on December 11, 2008. [Compl. ¶¶ 1, 3, 23]. The status of the sale is unknown to the Court.

**B.    Procedural History.**

Tayag sued the lender, National City (Compl. ¶¶ 2-3), the Trustee on the Deed of Trust, Cal-Western Reconveyance Corp. (¶ 4), and Does 1-25 (¶ 5) in Contra Costa Superior Court on December

5, 2008. Cal-Western Reconveyance Corp. timely filed a Declaration of Non-Monetary Status under California Civil Code § 29241 and is no longer a party to this action. National City timely removed the action to federal court. In paragraph 15 of the Complaint, Tayag alleges she engaged the services of American Property Management, a local mortgage broker, when she sought to finance a first and second loan secured by mortgages on the Moraga property. American Property Management was never a party to this action.

## **LEGAL STANDARD**

**I.     Federal Rule of Civil Procedure 12(b)(6).**

A Rule 12(b)(6) motion tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). When a court reviews a motion to dismiss, the complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964-65 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [. . .]. Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1964-65 (internal citations omitted).

Except when specific pleading is required, such as for a claim of fraud, specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests. *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197 (2007) (per curiam) (quoting *Twombly*, 127 S.Ct. at 1964).

**II.    Federal Rule of Civil Procedure 9(b).**

A specific pleading is required for a claim of fraud or mistake. When alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud "be 'specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.' Averments of

1 fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. [A]
2 plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff
3 must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy*
4 *Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

5 As with Rule 12(b)(6) dismissals, dismissals for failure to comply with Rule 9(b) should
6 ordinarily be without prejudice, with leave to amend if the pleading could by cured by the allegation of
7 other facts. *Id*. at 1108.

## **DISCUSSION**

### **I.    Fraud claims.**

Plaintiff's seventh cause of action explicitly alleges a fraud claim and is subject to FRCP 9(b). *See* Compl. ¶ 60, alleging Plaintiff entered into a loan agreement with Defendants through "mistake and fraud." A claim alleging mistake or fraud must be pled with specificity under Rule 9(b). The specifics of an averment of fraud entail "the who, what, when, where, and how" of the misconduct charged. In addition, the plaintiff must set forth what is false or misleading about a statement, and why it is false. *Ciba-Geigy*, 317 F.3d at 1106.

Here, Plaintiff's claim fails to identify specific misrepresentations relating to the terms of her home loan. The content of the alleged misrepresentation is necessary to state a claim, as is an allegation of what is false or misleading about the statement. The claim also fails to identify the time and place of the misrepresentations, and, most importantly, the identity of the individual who made the misrepresentation. The motion to dismiss claim Seven is GRANTED WITH LEAVE TO AMEND. In addition, any ambiguity as to whether representatives of WMC, not a party to this action, or Defendant National City entered into the loan agreement must be addressed by an amended pleading. *See* Compl. ¶ 16.

Plaintiff's eighth cause of action, for "Unfair Business Practices" under California Business and Professions Code §§ 17200 and 17500, can also be construed as a fraud claim and is, in part, subject to FRCP 9(b). Claim Eight relies on ¶ 13 of the complaint, which alleges that Defendants National City "have engaged in and continue in a pattern of unlawful, *fraudulent* or unfair predatory real estate lending practices" that consist of, among other acts, "*failing to disclose the true terms* of

3

1 the loan." The failure to disclose "true terms of the loan" can be construed to suggest an assertion
2 of misrepresentation of the true terms of the loan or the disclosure of false terms. Because the claim
3 is not plead with the requisite particularity, the motion to dismiss claim Eight is GRANTED WITH
4 LEAVE TO AMEND.

## II. Declaratory Relief.

Plaintiff's first claim for declaratory relief is vague and confusing for two reasons. First, it is based on the assertion that Plaintiff sent Defendants a Notice to Cancel pursuant to TILA and California law. *See* Compl. ¶ 24. Ms. Tayag purportedly attached the cancellation notice to the Complaint as Exhibit A, but neither the Defendants nor the Court has any record of it. Compl. ¶ 27. Second, Plaintiff alleges the Defendants have no rights in the Promissory Note "because they were placed in the trust pool pursuant to the PSA and that any attempt to foreclose is a fraud upon the Court." Compl. ¶ 28. The allegation is vague and confusing because there is no explanation as to what the PSA is, and how the PSA relates to the Defendants. For these reasons, the motion to dismiss the claim One is DISMISSED WITHOUT PREJUDICE.

## III. The Federal Claims.

The Truth in Lending Act ("TILA"), 15 U.S.C. § 1635, is intended to protect consumers in credit transactions by requiring disclosure of key terms of the lending arrangement and its related costs. 15 U.S.C. §§ 1601 *et seq*. The Real Estate Settlement Procedures Act ("RESPA"), 1 U.S.C. § 2601, *et seq*., was enacted to provide consumers "with greater and more timely information on the nature and costs of the settlement process" and to protect consumers "from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." 12 U.S.C. § 2601(a).

Defendants' motion to dismiss Plaintiff's third claim for TILA violations must be DISMISSED because it is expressly alleged against a single entity – WMC – who is not a defendant in this action. There are no allegations against National City, who is a defendant. Plaintiff argues that the flaw should not be fatal to the claim because it is nothing more than a typographical error. However, even if the so-called typographical error were corrected, neither the TILA claim nor the RESPA claim can withstand dismissal. The basis of both claims is that "material disclosures"

4

required by TILA and RESPA were not provided.[1] [Compl. ¶ 41]. The key to the disclosure requirement is timing. Not only are certain specific disclosures mandated by law, but they must be made at a specific time during the home buying process. *See e.g.* 15 U.S.C. 1639(b)(1).

Tayag alleges the following disclosures were not timely provided: (1) HUD-1 Settlement Statement one day before the close of escrow for final inspection; (Compl. ¶ 22); (2) the Good Faith Estimate, Truth-in-Lending, Serving Transfer, Adjustable Rate Booklet, Right to Copy of Appraisal, Federal Equal Opportunity and various other early disclosures [which] must be provided within three business days of the loan application (Compl. ¶ 17); (3) California Civil Code 1916.7 disclosure notice for all mortgage loans with adjustable rates (Compl. ¶ 20).

Some essential factual allegations are required in order to state a claim under the TILA and RESPA disclosure provisions: the terms of the loan in order to assess whether it comes within the scope of the federal statutes, when Plaintiff applied for the loan, the correct identity of the lender, and the close of escrow for final inspection. As presently stated, the federal claims fail to state a claim under FRCP 12(b)(6) because they do not provide defendants fair notice of the claim and the grounds upon which it rests. The Court GRANTS the motion to dismiss claims Three and Four WITH LEAVE TO AMEND.

### IV. Other State Law Claims.

The second cause of action is for the breach of a duty of good faith and fair dealing. In order to state a claim, Plaintiff must allege: (1) the existence of some specific contractual obligation and (2) interference with plaintiff's performance of the contract or failure to cooperate with the plaintiff. *Racine & Laramie, Ltd. v. Department of Parks & Recreation,* 11 Cal.App.4th 1026, 1031 (Cal.App.4.Dist.1992). Tayag makes the conclusory allegation that "the terms of the promissory note and Deed of Trust imposed upon Defendants a duty of good faith and fair dealing." Compl. ¶ 34. She does not, however, allege contractual terms arising from any agreement she made specifically with National City, nor does she allege acts or omission by defendants that demonstrate

---

[1] The specific content and timing of disclosures are set forth in the statutes' implementing regulations: (1) Regulation Z, 12 C.F.R. §§ 226 et seq., adopted by the Federal Reserve Board in support of TILA and (2) Regulation X, 24 C.F.R. §§ 3500 et seq., in support of RESPA.

interference with her performance of said contract. Because neither element of the claim is sufficiently alleged, the Court DISMISSES claim Two for the failure to state a claim against National City.

Plaintiff also fails to state a breach of fiduciary duty claim (claim Nine) against Defendants National City. In California, a bank or lender has no fiduciary duty when a borrower obtains a loan through the ordinary lender-borrower relationship. *Kim v. Sumitomo Bank of Cal.*, 17 Cal.App. 4th 974, 979-981 (1993). The plaintiff alleges National City Bank funded her loan and National City Mortgage is the lender. [Compl. ¶¶ 2-3]. As a matter of law, this fact is insufficient to create the special relationship to make National City plaintiff's fiduciary or to support a claim for breach of a fiduciary duty. *See Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476 (1989). The Court DISMISSES claim Nine for the failure to state a claim against National City.

Claim Ten for negligence is premised on the duty of a mortgage loan broker to exercise reasonable care and diligence in any transaction. [Compl. ¶ 81]. As discussed above, National City is only alleged to be Plaintiff's lender. "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Assn*, 231 Cal.App.3d 1089, 1096 (Cal.App.3.Dist.1991). Absent factual support for a special relationship between Plaintiff and National City, claim Ten is also DISMISSED under FRCP 12(b)(6).

There are also insufficient facts to maintain Plaintiff's fifth cause of action under California Civil Code sections 1920 and 1921. Section 1920(a) provides that "standards for the adjustment of interest rates or monthly payments shall consider factors which can reasonably be deemed to affect the ability of borrowers to meet their mortgage obligations." Insofar as Plaintiff alleges that "Defendant WMC" placed her in a loan product without conducting a true test of her financial ability to repay her loan and never made any attempt to verify her income, (Comp. ¶ 16), she fails to state a claim against National City.

Section 1920(f) mandates a lender "to provide to the borrower, *prior to* the execution by the

6

1 borrower of any mortgage payment instrument authorized pursuant to this chapter, full and complete
2 disclosure, as specified by the secretary or the secretary's designee, of the nature and effect of the
3 mortgage payment instrument, and all costs or savings attributed to the mortgage instrument." The
4 plaintiff also alleges the "adjustable rate loan was not fully and properly disclosed to [them]" and
5 she was unaware of the "true cost of the loan until after the closing." [Compl. ¶ 21]. Although
6 Plaintiff alleged National City is a lender, she has not alleged when the closing occurred.

7 Section 1921 requires a lender to inform a borrower about adjustable rate mortgages by making certain disclosures. To state a claim for the failure to provide published information on adjustable rate mortgages, plaintiff must state (1) the date she requested from the defendant information about adjustable rate residential mortgage loans offered by the defendant, and (2) that defendant failed to provide plaintiff a copy of the most recent available publication of the Federal Reserve Board which is designed to provide the public with descriptive information concerning adjustable rate mortgages, which publication is entitled, "Consumer Handbook on Adjustable Rate Mortgages." Defendant is required by Civ. Code, § 1921 to provide this publication.

Plaintiff's conclusory allegations that her rights under Sections 1920 and 1921 were violated fail to state a claim under Sections 1920 and 1920 of the California Civil Code and claim Five is DISMISSED WITH LEAVE TO AMEND.

Plaintiff's Sixth cause of action alleges Defendant National City did not timely provide the disclosure notice for adjustable rate mortgages that is required by Cal. Civil Code § 1916.7(c). The provision requires that a particular notice be given "at the time he or she requests an application." As discussed above, while Tayag alleges she "was not given this proper disclosure" (Compl. ¶ 20), because the statute explicitly requires disclosure "at the time she requests the application," the Complaint must allege that she requested an application and when. Without this factual allegation, she has not stated a claim and it must be DISMISSED.[2]

The claim to quiet title (claim Eleven) should be dismissed without prejudice because it is

---

[2] Defendant argues there is no private right of action for a claim under California Civil Code 1916.7 but provides no legal authority for that proposition. However, the text of CCC 1916.7 does not explicitly create a private right of action.

7

premised on the allegation that Plaintiff's cancellation notice voided Defendants' security interest pursuant to TILA, 15 U.S.C. 1635. [Compl. ¶ 89]. This claim is DISMISSED for the same reasons that Plaintiff's TILA claim is dismissed.

Finally, Plaintiff's Twelfth cause of action is DISMISSED because it lacks a factual basis with respect to any failed attempt to make a mortgage workout plan between Plaintiff and Defendants and because the plaintiff requests relief the Court cannot provide, namely an injunction against selling the Moraga property on a date that is several months in the past:  December 11, 2008.

## **CONCLUSION**

For the reasons given above, the Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND. Plaintiff has twenty (20) days from the entry of this Order to file an amended complaint. The Case Management Conference, currently scheduled for May 20, 2009, at 3:15 p.m., is HEREBY CONTINUED to June 10, 2009, at 2:30 p.m. The parties shall **meet and confer** prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order For All Judges Of The Northern District Of California and the Standing Order of this Court. Plaintiffs shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

Dated: 4/7/09

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge